UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD STEPHEN NEMETH,

       Petitioner,

                                    Case No. 10-12095
v.                                     HONORABLE PATRICK J. DUGGAN

THOMAS K. BELL,

       Respondent,

_____/

## OPINION AND ORDER (1) SUMMARILY DISMISSING WITHOUT PREJUDICE PETITION FOR WRIT OF HABEAS CORPUS; (2) DENYING AS MOOT MOTION FOR COUNSEL; AND (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL IN FORMA PAUPERIS

Petitioner Todd Stephen Nemeth, ("Petitioner"), a Michigan prisoner presently confined at the Gus Harrison Correctional Facility in Adrian, Michigan, has filed a petition for writ of habeas corpus. In his application, filed *pro se*, Petitioner challenges the Michigan Parole Board's decision to extend his parole past his discharge date of August 1, 2007. For the reasons stated below, the Court dismisses without prejudice the petition for writ of habeas corpus.

### I. Background

Petitioner was released on parole on May 22, 2004, after serving a sentence for unarmed robbery and being a second felony habitual offender, and receiving and concealing stolen property and being a fourth felony habitual offender. Petitioner

contends that his original parole discharge date was scheduled for August 1, 2007. On June 28, 2007, Parole Supervisor Sherri D. Williams requested an extension of Petitioner's parole. Some sixteen days after the expiration of Petitioner's original August 1, 2007 parole discharge date, the Michigan Parole Board extended Petitioner's parole expiration date to February 2, 2008. Although not mentioned by Petitioner in his petition, the Michigan Department of Corrections' Offender Tracking Information System (OTIS), of which this Court is permitted to take judicial notice, *See Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821 n.3 (E.D. Mich. 2004), indicates that Petitioner's current status is "returned to prison for an alleged parole violation."

## II. Discussion

This Court must dismiss Petitioner's request for habeas relief because Petitioner, by his own admission, has yet to present his claim to the Michigan courts.

The doctrine of exhaustion of state remedies requires state prisoners to present their claims to the state courts before raising their claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the State's established appellate review process. *O'Sullivan*, 526 U.S. at 845; 19 S. Ct. at 1732. This means that Michigan prisoners must present their habeas claims to the Michigan Court of Appeals and the Michigan Supreme Court before they can raise them in a federal habeas corpus petition. *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990); *see also Sanders v. McKee*, 276 F. Supp. 2d 691, 693 (E.D. Mich. 2003) (citing *Dombkowski v. Johnson*,

488 F. 2d 68, 70 (6th Cir. 1973)). A habeas petitioner has the burden of proving that he has exhausted his state court remedies. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The failure to exhaust state court remedies may be raised *sua sponte* by a federal court. *Benoit v. Bock,* 237 F. Supp. 2d 804, 806 (E.D. Mich. 2003).

An exception to the exhaustion requirement exists "only if there is no opportunity to obtain redress in the state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3, 102 S. Ct. 18, 19 (1981). The habeas petitioner has the burden of showing that all available state court remedies have been exhausted or that exceptional circumstances exist which would make exhaustion unnecessary. *Doty v. Lund*, 78 F. Supp. 2d 898, 901 (N.D. Iowa 1999). Petitioner contends that he should be excused from exhausting his claims because Michigan law prohibits prisoners from appealing adverse parole board decisions to the Michigan courts.

The Sixth Circuit Court of Appeals has held that a Michigan petitioner's failure to exhaust his equal protection challenge to parole procedures was excused under 28 U.S.C. § 2254(b)(1)(B)(i) because Michigan law does not provide a state corrective process for such a claim.[1] *See Jackson v. Jamrog*, 411 F. 3d 615, 618 (6th Cir. 2005). The court

---

[1]Prior to 1999, a prisoner, prosecutor, or the victim of a crime for which the prisoner was convicted could appeal the Michigan Parole Board's decision to grant or deny parole. *See* Mich. Comp. Laws § 791.234(8). In 1999, the Michigan Legislature amended that provision to allow for appeals only by the prosecutor or the victim from the action of the parole board in granting parole. *See* Mich. Comp. Laws § 791.234(9) (as
(continued...)

indicated, however, that certain types of parole denial claims involving radical defects in legal process may be cognizable in state habeas corpus proceedings or by complaint for an order of mandamus. *Id.* at 621 (citing *Morales*, 260 Mich. App. at 40-41, 676 N.W.2d at 229-30. Radical defects rendering a judgment or proceeding absolutely void can be raised in a Michigan writ of habeas corpus action. *See Triplett v. Deputy Warden*, 142 Mich. App. 774, 780, 371 N. W. 2d 862, 866 (1985) (citing *In Re Stone*, 295 Mich. 207, 294 N.W. 156 (1940)).

In the present case, Petitioner does not challenge a decision by the Michigan Parole Board to deny him parole. Instead, Petitioner challenges the decision of the Michigan Parole Board to extend his parole expiration date after his original parole had expired. Petitioner alleges that the parole board lacked the power to extend his parole expiration date, because the board lost jurisdiction over Petitioner's case when his original parole term expired.

A state prisoner's claim that he is being detained beyond the expiration of his sentence is not cognizable in federal habeas review where the claim has not been raised as

---

[1](...continued)
amended by 1999 Mich. Pub. Acts 191). This subsection has since been recodified as Mich. Comp. Laws § 791.234(11) (*see* 2006 Mich. Pub. Acts 167). The Michigan Supreme Court subsequently amended Michigan Court Rule. 7.104, effective March 10, 2000, to eliminate the provisions regarding the methods by which a prisoner could appeal a parole denial. *See* MCR 7.104(d)(1), (2)(a). Finally, the Michigan Court of Appeals has held that a prisoner may not appeal the denial of parole under the Administrative Procedures Act, Mich. Comp. Laws § 24.201, or the Revised Judicature Act, Mich. Comp. Laws § 600.631. *See Morales v. Michigan Parole Bd.,* 260 Mich. App. 29, 36-42, 676 N.W.2d 221 (2004).

a federal constitutional issue before the state courts. *See Beach v. Mohr*, 27 Fed. App'x 266, 268 (6th Cir. 2001). A Michigan prisoner may file a state petition for writ of habeas corpus to raise a claim that the Michigan Department of Corrections does not have authority to continue his incarceration because he has completed his prison sentence. *See Cross v. Dep't of Corr.*, 103 Mich. App. 409, 414-15, 303 N.W. 2d 218 (1981). Prisoners also have been permitted to maintain a state habeas action to claim that they have been held beyond the legal limit of their sentences. *See Ryan v. Dep't of Corr.*, 259 Mich. App. 26, 29, 672 N.W. 2d 535 (2003). Importantly, a Michigan prisoner has been permitted to maintain a state habeas action to challenge the Michigan Parole Board's decision to extend his parole term. *See Lane v. Michigan Dep't of Corr., Parole Bd.*, 383 Mich. 50, 173 N.W.2d 209 (1970).

Michigan Court Rule 3.303(A)(2) states that a habeas action must be brought in the county where the prisoner is detained. Although orders denying a state habeas corpus action in Michigan are not appealable by right, such orders may be reviewed by filing an original complaint for a writ of habeas corpus in the Michigan Court of Appeals. *Triplett*, 142 Mich. App. at 779-80. There is no limit on the time for filing a writ of habeas corpus, provided the prisoner is in custody when the judgment becomes effective. *Id.* at 779. Denial of a petition for habeas corpus relief by the Michigan Court of Appeals is reviewable by the Michigan Supreme Court by filing an application for leave to appeal. M.C.R. 7.301(A)(2). Because Petitioner has a state court remedy with which to seek relief, he has failed to exhaust his claim that the Michigan Parole Board improperly

5

extended his parole term.

In his habeas corpus petition, Petitioner also appears to challenge his placement in a correctional facility with mental health patients. This claim is not cognizable in a habeas corpus petition. *See Hodges v. Bell*, 170 Fed. App'x 389, 393 (6th Cir. 2006); *See also Turnboe v. Gundy*, 27 Fed.App'x 339, 340 (6th Cir. 2001) (holding that state prisoner's claim that he was transferred to another facility in violation of his First Amendment right of access to the courts and his right to due process should have been brought under 42 U.S.C. § 1983, and not by a habeas corpus petition).

Petitioner also has moved for the appointment of counsel. In light of the Court's determination that his petition must be dismissed for failure to exhaust state court remedies and statement of a non-cognizable claim, Petitioner's request is moot and is denied.

The Court also denies a certificate of appealability. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue only if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right *and* whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04 (2000). *Id.* "Jurists of reason" would not find it debatable whether this Court was correct in its procedural

6

rulings. As an appeal of the Court's ruling therefore would also be frivolous, petitioner should not be granted leave to appeal *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED**, that the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED**, that Petitioner's motion for counsel is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED**, that a certificate of appealability and leave to appeal *in forma pauperis* is **DENIED**.

                                                 s/PATRICK J. DUGGAN
                                                 UNITED STATES DISTRICT JUDGE

Date: July 7, 2010

Copy to:
Todd Stephen Nemeth, #225611
Gus Harrison Correctional Facility
2727 E. Beecher Street
Adrian, MI 49221